Wendy J. Earle, Esq. ISB #7821
**WENDY EARLE, LAW**
120 E. Lake Street, Suite 205
Sandpoint, ID  83864
(509) 280-0741 Phone
(208) 597-3400 Phone
(208) 263-5169 Fax
wearle@idahowashingtonlawpractice.com

*C*ounsel for plaintiff: Roland Harter

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROLAND HARTER, | Case No.: |
| Plaintiff, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| vs. | |
| BONNER COUNTY, IDAHO, a political subdivision of the State of Idaho | |
| Defendants. | |

COMES NOW the above referenced Plaintiff, ROLAND HARTER, by and through his attorney of record, WENDY EARLE, LAW, of Sandpoint, Idaho, and hereby alleges and complains against Defendants BONNER COUNTY, as follows:

I.   NATURE OF CASE

This is an action for damages due to Bonner County's deprivation of Mr. Harter's rights secured by Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621-634 ("ADEA"), Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1983 ("§ 1983") and the Idaho Human Rights Act ("IHRA").

## II. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Roland Harter (hereinafter "Plaintiff") is an individual residing in Bonner County, Idaho. He alleges that he worked at all times material hereto, as an employee of Defendant Bonner County (hereinafter "Defendant") for over 18 years.

2. Defendant, Bonner County was at times material hereto, and presently is, a municipal corporation and political subdivision and body politic of the State of Idaho. Among its powers is the power to sue and be sued. Defendant employs in excess of 40 employees and one of its departments is the Solid Waste Department.

3. This Court has jurisdiction over Plaintiff's federal claims asserted herein pursuant to 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

5. As federal claims, Plaintiff alleges in this Complaint, that Defendants violated certain federal constitutional rights as put forth with specificity below and that his employment as Operations Foreman terminated without affording him adequate procedural due process.

6. Plaintiff further alleges state law claims in excess of the minimal jurisdictional amounts necessary to file a civil complaint in the United States District Court for the District of Idaho.

7. Plaintiff requests the court to invoke ancillary-pendent jurisdiction for adjudication of his state law claims pursuant to 28 USC § 1367, on the basis that substantial federal claims are alleged in this complaint, and both the federal and state claims derive from a common nucleus of operative facts.

8. Because the events giving rise to this complaint occurred in Bonner County, State of Idaho, and because all parties and most if not all, fact witnesses reside in Northern Idaho, venue of these proceedings is properly lodged in the Federal District Court in Coeur d' Alene, Idaho.

### III. ADMINISTRATIVE PROCEEDINGS

9. Plaintiff filed a timely Charge of Discrimination with the Idaho Human Rights Commission ("IHRC") in December 30, 2015 alleging age discrimination. Said charge was cross- filed with the United States Equal Employment Opportunity Commission ("EEOC") in December 30, 2015, alleging age discrimination.

10. Subsequently, Plaintiff filed a timely Charge of Retaliation with the Idaho Human Rights Commission ("IHRC") on August 11, 2016. Said charge was cross- filed with the United States Equal Employment Opportunity Commission ("EEOC") on August 11, 2016, alleging retaliation.

11. On September 19, 2016, the U.S. Equal Employment Opportunity Commission (EEOC) issued Plaintiff a Notice of Suit Rights on his age discrimination charge. Said notice was mailed by the EEOC originating from zip code 98104-1061 on September 21, 2016.

12. Defendant received said notice on September 26, 2016, at his home address in Laclede, Idaho. The undersigned council was not provided with a copy of the notice from the EEOC but rather, received it from Defendant sometime later, when he brought it to the law office of Wendy Earle, Law, and only then made her aware of issuance of the Notice of Suit Rights.

13. On December 5, 2016, the IHRC issued Plaintiff a Notice of Right to Sue on his retaliation allegation.

14. All administrative prerequisites have been met and this suit has been timely filed within 90 days of receipt of the EEOC notice on the age discrimination allegation and, the IHRC notice on the retaliation allegation.

## IV. BACKGROUND AND GENERAL ALLEGATIONS

15. Plaintiff hereby incorporates by reference, as fully set forth herein, all of the allegations contained in the above paragraphs of this complaint.

16. Bonner County's personnel rules, policies and procedures constitute an employment contract under Idaho law and acted as a contract between Plaintiff and Defendant and, further constituted a property interest in Plaintiff's position of employment which, is protected by the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 13, of the Idaho State Constitution.

17. Defendant hired Plaintiff on May 4, 1998 to fill the position of equipment operator for the County's Solid Waste (Solid Waste) department.

18. Plaintiff was employed for the next 18 years by Defendant Bonner County pursuant to its personnel rules, policies and procedures which provided, among other provisions, that an employee in Plaintiff's position could only be terminated from his position for "good cause".

19. After approximately two weeks as an equipment operator, Defendant asked Plaintiff to supervise one of the then Solid Waste employees in addition to his existing duties.

20. Approximately three (3) weeks later he was asked to supervise three (3) more Solid Waste employees in the role of Solid Waste operation's manager.

21. After some months, Plaintiff was asked to supervise all Solid Waste employees (approximately 16 or 17 at that time) and he accepted the promotion.

22. During his employment as an Operation's Foreman overseeing operations at all solid waste site locations in Bonner County, he received regular performance evaluations reflecting his commitment to superior job performance and his ongoing training qualifications.

23. His job performance while in Bonner County's employment mirrored previous 30 years of work performance while employed with US West. He worked there prior to becoming an employee for Defendant.

24. Plaintiff spent 17 of the 18 years working as Operations Foreman for all of Defendant's solid waste sites. The length of time that Plaintiff ran the solid waste operations is notable because both prior to his employment, as well as after, it was known as a complex and difficult position. Ultimately, he successfully supervised 18 employees.

25. Plaintiff was a dedicated and dependable employee who frequently worked overtime. He performed his duties in a satisfactory manner, and often, in an exemplary manner.

26. Plaintiff received regular and significant pay raises. His final hourly wage while in Defendant's employ was set at $24.24.

27. Upon information and belief, in approximately 2005, Leslie Marshall was appointed as Director of the Solid Waste Department and acted as Plaintiff's direct supervisor. Her evaluations in 2005 and 2006 commended Plaintiff on his excellent job performance. The 2006 evaluation stated in relevant part, "Roland is always available and willing to work. He works well with attendants and supports them. He will do anything that is needed or asked of him. I wish all employees were this dedicated…. I appreciate all of Roland's hard work and dedication to this department."

28. From 2007- 2013 Ms. Marshall failed to issue any job evaluations in contradiction of Defendant County's policies and procedures, which require annual evaluations.

29. On or around approximately spring of 2012, Ms. Marshall gave preferential treatment to Lacy Blackford who was hired by her without consultation with Plaintiff, to work alongside Plaintiff at one of the County's solid waste sites. Mr. Blackford was a good friend of Ms. Marshall's and they interacted socially outside the work environment.

30. Lacy Blackford, who upon information and belief is close to 30 years younger, was assigned to assist Plaintiff with lifting and disposing of heavy household equipment deposited at the waste site, this despite the fact that Plaintiff had and has, a history of excellent health, works out regularly and water skis energetically nearly every day during the warmer months. This was a discriminatory age based assignment.

31. On or around, the winter of 2013, Leslie Marshall let Roland know he should retire after he mentioned he would have to work until he is 97 years old to pay off his mortgage. She replied "You won't last that long." Ms. Marshall left Defendant's employ as Public Work's Director in May, 2015.

32. Defendant had hired Matt Klinger, as her replacement as Public Work's Director, on April 6, 2015. Matt Klinger was 49 years old, and was given direct oversight over solid waste operations but, did not possess Plaintiff's depth of knowledge and experience gained during 17 years operating all of Bonner County's solid waste disposal sites.

33. In mid-April, 2015, Mr. Klinger reorganized the solid waste operations in to two divisions ("Eastside" and "Westside"), and promoted a less qualified and substantially younger man, Kevin Reynolds, to oversee operations on the "Eastside". Mr. Reynolds, unlike Plaintiff, was not then Hazmat certified, and did not possess the same knowledge or experience.

34. This was an age based assignment as Plaintiff, who had successfully supervised 18 employees, was left with only half of his former job responsibilities. Plaintiff was retained to operate and oversee employees on the "Westside".

35. On June 9, 2015, Plaintiff met with Cindy Blinkerd, human resources director for Bonner County, to discuss his concerns relating to recent employment and management decisions by Defendant. Plaintiff stated that the adverse treatment he believed he had received by Defendant resulted from age-related discrimination.

36. In a June 19, 2015, letter from Ms. Blinkerd to Plaintiff, she acknowledged his age discrimination claim.

37. Within 32 days after Plaintiff raised the possibility of an age related discriminatory motive as a basis for failing to provide Plaintiff with an opportunity to apply for the job filled by Matt Klinger and, for failing to allow him to continue on in the role of Operation's Manager, Defendant on July 21, 2015, took away the job duties of a highly qualified employee, who had upheld Defendant's policies as a manager.

38. Defendant abruptly demoted Plaintiff to the position of site attendant at a Bonner County waste site, without pay reduction, and placed him on one year probation based on a "disciplinary notice" provided by Matt Klinger. Plaintiff's prior job was given to Greg Edwards, a younger and less qualified man.

39. All of Plaintiff's management and supervisory experience gained over many years had been disregarded and stripped. Defendant did so without providing Plaintiff notice of his right to a pre-termination hearing. Plaintiff did not receive written notice of the proposed disciplinary action and supporting information to review or, an opportunity to defend himself.

40. Plaintiff's discharge and subsequent demotion by Defendant resulted from an incomplete investigation conducted by a biased investigator who then rendered an adverse report indicating that Plaintiff was a "poor employee". Plaintiff requested an appeal of the investigatory findings. He was informed by Defendant that he had no right to appeal.

41.     Plaintiff's demotion to site attendant in the department he had once successfully supervised, prompted fellow employees to question why Defendant demoted him and caused him humiliation. It unreasonably changed his employment status with Defendant.

42.     Plaintiff continued to perform his job duties in an exemplary fashion. Defendant failed to conduct a written evaluation of his job performance as site attendant, as required by the Bonner County employee handbook's rules, policies and procedures. Defendant failed to avail Plaintiff of his right to an evaluation which, would identify whether or not he was meeting expectations or requirements germane to his position.

43.     Fifty-one weeks after his demotion, Plaintiff was fired from the site attendant position after 18 years of valuable service. The termination letter from Matt Klinger stated that Bonner County "is unsatisfied with your performance". Defendant terminated Plaintiff without giving prior notice of probationary violations.

## FIRST CLAIM FOR RELIEF

**(Age discrimination in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621-634 ("ADEA")**

44.     Plaintiff incorporates the allegations contained in paragraphs above as if fully set forth herein.

45.     Plaintiff was a 67-year-old man with superior qualifications and experience when Defendant terminated him from his Operation's Foreman position, and subsequently demoted him.

46.     Bonner County engaged in age based discriminatory actions when it hired Matt Klinger age 49 and by-passed Plaintiff.

47.     Defendant failed to follow articulated policies and procedures put forth in its employment manual, as follows:

c.) "Promotions or transfers within the department will be considered first. If there is no promotion or transfer within the department, then the selection process will be as follows: Vacancies for employment in Bonner County shall be announced by the Human Resources Office in the following manner: An e-mail to all employees for internal applications.

48.  Defendant denied Plaintiff, a senior employee with 17 years of experience the opportunity to be considered for interdepartmental promotion to Public Works Director as is the custom and policy of Bonner County.

49.  Defendant removed Plaintiff from the position he had successfully worked in for 17 years and, replaced him with two substantially younger men with lesser experience and qualifications.

50.  Plaintiff's age was the "but for" cause for Defendant's adverse employment decisions.

51.  As a result of these violations, Plaintiff is entitled to recover damages for lost wages and benefits and prejudgment interest on those amounts.

52.  The actions of Defendant were taken knowingly or recklessly, and therefore he is entitled to liquidated damages in an amount equal to his economic losses.

53.  Plaintiff is also entitled to recover attorney's fees and costs incurred in bringing this action.

## SECOND CLAIM FOR RELIEF

**(Unlawful Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., ADEA)**

54. Plaintiff incorporates the allegations contained in paragraphs above as if fully set forth herein.

55. Plaintiff reported violations of Title VII, the ADEA to Defendant.

56. He also filed a charge of age based discrimination with IHRC on December 30, 2015, and concurrently with the EEOC on December 30, 2015.

57. Plaintiff engaged in protected activity when he questioned the reasons for his forced termination and demotion and later filed a charge of age based discrimination.

58. After Plaintiff filed his age discrimination charge with the IHRC and the EEOC, Defendant chose to retaliate against Plaintiff by terminating him without stating the "cause".

59. Plaintiff was subject to several adverse actions including but not limited to Defendants' refusal to consider Plaintiff for a promotion to department head, by refusing to return Plaintiff to his position as Operation's Foreman and, Defendant's decision to terminate Plaintiff from his new position as site attendant within less than 12 months of filing an age discrimination charge and, while still within his probationary period.

60. Defendant's proffered reasons for Plaintiff's firing are a pretext for retaliatory discharge based on his age discrimination complaint.

61. Plaintiff's protected activity was a causal factor in Defendants' decision to take adverse action(s) against him.

62. As a result of these violations, Plaintiff has been damaged and is entitled to recover all damages as a result of Defendant's breach including lost pay and benefits, emotional distress damages, and punitive and/or liquidated damages.

63. Recover damages for lost wages and benefits, and prejudgment interest on those amounts. Plaintiff is also entitled to compensatory damages in an amount to be proven at trial.

64. Plaintiff is also entitled to recover attorney's fees and costs incurred in bringing this action.

## THIRD CAUSE OF ACTION

**(State Law Breach of Contract and Covenant of Good Faith and Fair Dealing)**

65. Plaintiff incorporates the allegations contained in paragraphs above as if fully set forth herein.

66. Plaintiff had a valid employment contract with Defendant Bonner County providing among other provisions, that he could only be terminated for "good cause".

67. The original employment contract between Plaintiff and Defendant was formed with the intent to create an enforceable contract, including offer and acceptance. It was supported by the exchange of good and valuable consideration. It was signed by Defendant.

68. Plaintiff requested notification from the human resources director of Bonner County, concerning what due process he was entitled to as the result of his abrupt demotion and notice of disciplinary probation.

69. Bonner County Personnel Policies and Procedures Manual in effect at that time, did not provide a process for post-termination hearing.

70. Defendant conducted an incomplete investigation, which led to Plaintiff's probationary demotion, and did not have the benefit of a full report sufficient to support a "good cause" basis for wrongfully terminating Defendant from a supervisory position with Bonner County.

71. By its actions, Defendant breached the covenant of good faith and fair dealing in regard to Plaintiff who was a longstanding employee.

72. As a direct result of both the actions and inactions of Defendant, Plaintiff has incurred damages in the form of past and future back pay, front pay, loss of employee benefits

associated with his position of employment, including health and retirement benefits, out of pocket costs, attorney fees and case related costs, loss of reputation and loss of career track opportunities, all in amounts to be proven at trial but which exceed the minimal jurisdictional limits of the District Court.

## FOURTH CAUSE OF ACTION

### (Interference with Procedural Due Process in violation of 42 USC §1983 Fifth and Fourteenth Amendments of the United States Constitution.)

73. Plaintiff incorporates the allegations contained in paragraphs above as if fully set forth herein.

74. At all relevant times, the Bonner County employee handbook ("Manuel") provided that Plaintiff could be terminated from his position for "good cause". Policies and procedures put forth in the handbook constitute a protected property interest.

75. The Manuel failed to provide for adequate due process procedures necessary for providing employees with pre-termination hearings.

76. The reason provided by Matt Klinger for Plaintiff's demotion was "Disciplinary Action" based on complaints by several employees including Kevin Reynolds.

77. Prior to Defendant's decision to demote Plaintiff, he was not provided written notice of the proposed adverse employment action or, supporting information to review or, an opportunity to defend himself.

78. Defendants failed to adopt and implement official policies customs and policies that are necessary to prevent constitutional procedural due process violations.

79. While conducting the investigation relating to Plaintiff's work performance, which led to demotion for "Disciplinary Action", Defendant failed to implement certain due process procedures put forth in the Manuel which state in relevant part: "The Human Resource

Director, in conjunction with legal counsel shall engage an appropriate person to investigate the complaint. The investigator shall be a neutral party."

80. Plaintiff's rights were violated when:

   a. Cindy Blinkerd, human resources director for Defendant Bonner County sent an email to Scott Bauer, Bonner County deputy civil prosecutor, suggesting that Bill Martin, Bonner County deputy prosecuting attorney (P.A.) be assigned to investigate the complaints made against Plaintiff;

   b. Bill Martin, P.A, was in fact appointed to investigate and gather all relevant facts pertaining to complaints against Plaintiff in disregard of the fact that at all times Bonner County civil prosecutors work closely with Defendant Bonner County's Board of Commissioner, and serve at the Commissioner's behest, thereby failing to appoint a "neutral party" in strict contravention of the Manuel.

   c. Failing to recognize that the appointed fact finder had a conflict which, would make it difficult or impossible to render an unbiased investigation and thereby should have refused to appoint him.

   d. Ignoring that by Bill Martin's own admission, he failed to conduct a fair, impartial and thorough investigation because he refused to interview all of Plaintiff's proffered witnesses on the basis that he stated to Plaintiff that, he "just selfishly" did not want to interview more than a handful of witnesses.

81. Actions and omissions of Defendant as alleged herein, violated Plaintiff's rights to procedural due process of law pursuant to the Fifth and Fourteenth Amendment to the United States Constitution. Such clear violations are actionable under Title 42 of the United State Code, Section 1983.

82. At all times relevant to this matter, Plaintiff had a constitutionally protected property interest in his employment status and, the parties charged with carrying out a fair and impartial investigation had a duty to protect his constitutional due process rights, but failed to do so.

83. As a direct and consequential result of the actions and inactions of Defendant Bonner County, Plaintiff has incurred damages in the form of past and future back pay, front

COMPLAINT AND DEMAND FOR JURY TRIAL                                              - 13

pay, loss of employee benefits associated with his position of employment, including health and retirement benefits, out of pocket costs, attorney fees and case related costs, loss of reputation and loss of career track opportunities, all in amounts to be proven at trial but which exceed the minimal jurisdictional limits of the District Court.

## V. JURY DEMAND

84.     Plaintiff, by and through counsel of record, and pursuant to Fed. R. Civ. P. 38 hereby demands a trial by jury of any issue tribal of right by jury.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendant as follows:

1.      For an order and judgment against Defendant for appropriate back pay, lost benefits and reimbursement for any other of Plaintiff's pecuniary losses;

2.      For reinstatement or front pay in lieu of reinstatement;

3.      For compensatory damages to compensate Plaintiff for his emotional distress, loss of enjoyment of life, and other non-pecuniary losses in amounts to be established at trial;

4.      For Plaintiff's reasonable attorney's fees and costs of court;

5.      For punitive damages in substantial, appropriate, and reasonable amounts;

6.      For liquidated damages; and

7.      For such further and other relief the court deems appropriate.

DATED this 21st day of December, 2016.

WENDY EARLE, LAW

By:   /s/Wendy J. Earle
*wearle@idahowashingtonlawpractice.com*